### RIESER v. CALVERT CONST. CO.

(Supreme Court, Appellate Term. February 7, 1908.)

**1. CONTRACTS—MODIFICATION—CONSIDERATION—NECESSITY.**

Plaintiff contracted with defendant to do the interior trim work for a building, including the windows, jambs, dressers, "wardrobes," etc., and the specifications provided that he was to furnish to each of the bedrooms and chambers, of sizes directed, "portable wardrobes." The plans showed wardrobes only in the servants' rooms. After signing the contract and specifications, defendant noted on a sketch of the doors that wardrobes need not be made for any but servants' rooms. *Held,* that the notation by defendant on the sketch, if it amounted to a modification of the original contract, was ineffectual, as being without consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1119–1222.]

**2. SAME—CONSTRUCTION—BUILDING CONTRACT.**

Under the contract and specifications, plaintiff was bound to furnish portable wardrobes for all the bedrooms and chambers.

**3. APPEAL—PROCEEDINGS NOT IN RECORD—EXCEPTIONS.**

Error in excluding a letter on trial may not be considered on appeal, where neither the letter, nor any exception to its exclusion, appears in the record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2905–2909.]

Appeal from City Court of New York.

Action by M. Gustine Rieser against the Calvert Construction Company. From a judgment for plaintiff for part of the amount claimed, and from an order denying a new trial, he appeals. Judgment and order affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

J. Sidney Bernstein, for appellant.

Clarence L. Westcott (Ernest Hall, of counsel), for respondent.

PER CURIAM. Plaintiff sued to recover a balance of $1,650, which he claimed was due him on a contract for the furnishing of trim and carpenter work on a building in the city of New York, and for $173.25 extra work. The extra work was included in the verdict, and the question of extra work is, therefore, of no moment here. In the contract between plaintiff and defendant, plaintiff agreed to provide the materials and perform the work for the completion of the interior trim for building on the southeast corner of Riverside Drive and West 127th street, all window jambs and trims, kitchen dressers, butler's pantry dressers, wardrobes and basin closet, etc., per plans and specifications. The specifications provided, under the heading "Wardrobes," that plaintiff was to "furnish to each of the bedrooms and chambers, of sizes directed, portable wardrobes, * * * wardrobes to be of same material as finish of room." The plans call for wardrobes only in the servants' rooms, and do not show wardrobes in any other room. Thereafter, and after the contract and specifications had been signed, the defendant wrote on the plans:

"No stair rails; no picture moldings, except in servants' rooms, as marked; as to style of doors O. K.        Calvert Construction Co."

Thereafter the defendant wrote on a sketch showing the doors:

"You need make no wardrobes for any rooms but the servants' rooms, as shown on the plans."

The building contained 105 bedrooms. The plaintiff did not furnish any portable wardrobes. He put wardrobes annexed to the wall in about 40 rooms. These rooms were the servants' rooms. Defendant demanded portable wardrobes for the remaining bedrooms, and the plaintiff refused to furnish them. The defendant thereupon purchased elsewhere 65 portable wardrobes, for which he paid $15 each. No allowance on the contract was ever made by the plaintiff for this sum, or any sum paid by defendant for the wardrobes; nor does it seem that any abatement from the full contract price was made by plaintiff. The learned court below left to the jury the question of the value of the 65 wardrobes purchased by defendant, which they fixed at $14 each, and thereupon the court directed a verdict for plaintiff of the amount claimed by plaintiff, less the value of the wardrobes, so found by the jury.

Plaintiff claimed the contract and specifications were ambiguous, vague, and contradictory on their face, and, further, that plaintiff had performed the contract, or that the defendant had excused full performance. It would seem that the court below properly construed

the specifications and contract. The contract referred specifically to wardrobes, and the specifications required plaintiff "to furnish to each of the bedrooms and chambers, of sizes directed, portable wardrobes." The words "of sizes directed" plainly refer to the wardrobes, and not to the rooms. As the wardrobes were portable, there was certainly no reason why they should be shown on the plans of the building, especially when they were sufficiently described in the specifications and referred to in the contract. Defendant's version of Exhibits H and J was that they were signed on the theory that plaintiff had informed him that he could save between $1,500 and $1,200, or about that amount, by not using portable wardrobes, and said he would get his partner to figure up and see what it would cost to substitute fixed wardrobes for these portable wardrobes, and what the saving would be, and in the meantime defendant's president had talked with the architect and decided to make no change, and to stand by the contract, and so notified plaintiff. These papers, Exhibits H and J, if they constituted anything, constituted a modification of the contract, made after it was signed, and therefore without consideration and void.

Plaintiff complains of the ruling of the learned trial judge excluding a letter written by plaintiff; but as neither the letter, nor any exception to its exclusion, appear in the record, it is impossible even to consider this point.

The judgment and order should be affirmed, with costs.